IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT RICH,<br>　　Petitioner, | §<br>§<br>§ | |
| VS. | §<br>§ | Civil Action No. 4:11-CV-206-Y |
| REBECCA TAMEZ, WARDEN,<br>FCI-FORT WORTH,<br>　　Respondent. | §<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Robert Rich, Reg. No. 19351-077, is a federal prisoner incarcerated in FCI-Fort Worth in Fort Worth, Texas.

Respondent Rebecca Tamez is Warden of FCI-Fort Worth.

#### C. PROCEDURAL HISTORY

Petitioner is serving a 480-month term of imprisonment on his 1990 convictions for conducting a continuing criminal enterprise, possession with intent to distribute amphetamine, and

use of a telephone to facilitate a drug offense in the United States District Court for the Eastern District of Louisiana. (Pet.) *United States v. Rich*, PACER, CM/ECF, Criminal Docket for Case No. 2:89-CR-087-CJB-1. Petitioner directly appealed his convictions and filed multiple motions under 28 U.S.C. § 2255 to vacate, set aside or correct his sentences in the convicting court, to no avail. (Pet.) *Id.*, entry no. 552. Petitioner filed this federal petition in this district where he is currently serving his sentences, challenging his convictions under the Supreme Court decision in *Richardson v. United States*, 526 U.S. 813, 824 (1999).

Petitioner unsuccessfully raised his claims under *Richardson* in multiple motions for authorization to file a successive § 2255 in the Fifth Circuit, which has imposed monetary sanctions against him for filing repetitive and frivolous motions. *In re Rich*, PACER, CM/ECF, Criminal Docket for Case No. 2:89-CR-087-CJB-1, entry no. 552. In addition, petitioner has filed a prior § 2241 petition raising the same or similar claims under *Richardson* in this court, which was dismissed on May 6, 2009, and said dismissal was affirmed by the Fifth Circuit. *Rich v. Tamez*, PACER, CM/ECF, Civil Action No. 4:09-CV-172-A, entry nos. 10-11, 25.

D. DISCUSSION

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Benson v. Justice*, 511 F.3d 486, 487 (5th Cir. 2007); *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *Brewer v. Cockrell*, No. 3-03-CV-0768-P, 2003 WL 21448362, at

2

*2 (N.D.Tex. May 5, 2003) (citing cases), *rec. adopted,* 2003 WL 21488150 (N.D.Tex. May 15, 2003) (*quoting Free v. United States,* 879 F.2d 1535, 1536 (7th Cir. 1989)). The time has come to end petitioner's repetitive and frivolous filings. Accordingly, petitioner should be warned that sanctions will be imposed if he files another § 2241 petition seeking habeas relief from his 1990 convictions under *Richardson.* In addition to monetary penalties, such sanctions may include an order barring petitioner from filing any civil actions in federal court without obtaining prior authorization from a district judge or magistrate judge. *See Baum v. Blue Moon Ventures, LLC,* 513 F.3d 181, 189 (5th Cir. 2008).

## II. RECOMMENDATION

Based on the foregoing, petitioner's application for writ of habeas corpus should be dismissed as an abuse of the writ. In addition, petitioner should be warned that sanctions will be imposed if he files another § 2241 petition seeking relief from his 1990 convictions under *Richardson.*

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 27, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until September 27, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September _____6_____, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE