IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROBERT RICH,<br>    Petitioner,<br><br>VS.<br><br>REBECCA TAMEZ, Warden,<br>FCI-Fort Worth,<br>    Respondent. | §<br>§<br>§<br>§   CIVIL ACTION NO.4:11-CV-206-Y<br>§<br>§<br>§<br>§ |

<u>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS and</u>
<u>ORDER DISMISSING PETITION UNDER § 2241 AS AN ABUSE OF THE WRIT</u>

In this action brought by petitioner Robert Rich under 28 U.S.C. § 2241, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on September 6, 2011;

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on September 26, 2011.

The Court, after **de novo** review, concludes that the Petitioner's objections must be overruled, and that the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be dismissed as an abuse of the writ, for the reasons stated in the magistrate judge's findings and conclusions, and as set forth herein.

Robert Rich raises in the instant petition under 28 U.S.C. § 2241 a claim that, under *Richardson v. United States,* 526 U.S. 813 (1999), his conviction in the United States District Court for the Eastern District of Louisiana in case number 2:89-CR-087-CJB-1 for conducting a continuing criminal enterprise under 21 U.S.C. § 848, was the result of incorrect jury instructions. But, Rich already filed successive motions for relief under § 2255 based upon *Richardson* so many times that the United States Court of Appeals

for the Fifth Circuit imposed a monetary sanction of $250.00 because of his failure to heed prior warnings.[1] Rich also previously sought relief under 28 U.S.C. § 2241 in this the United States District Court for Northern District of Texas, raising the same or similar claims, and that action was dismissed in *Rich v. Tamez,* No. 4:09-CV-172-A. The court rejected Rich's claims that he satisfied the "savings clause."

In spite of Rich's history of abusing the successive § 2255 process, and in spite of being advised that his *Richardson* claims did not invoke the savings clause in prior case number 4:09-CV-172-A, Rich filed this petition under § 2241, again raising challenges that he is well aware will not invoke the savings clause. As such, the magistrate judge's determination that this action must be dismissed as an abuse of the writ of habeas corpus is adopted.[2]

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Petitioner Robert Rich's petition for writ of habeas corpus

---

[1] *In re Rich,* No.07-30650, (5th Cir. Sep. 5, 2007).

[2] A district court may raise the issue of repetitive frivolous claims or abuse of the writ *sua sponte. See Rodriguez v. Johnson,* 104 F.3d 694, 697 N.1 (5th Cir.), *cert. den'd,* 520 U.S. 1267 1997); *see generally Kiser v. Johnson,* 163 F.3d 326, 329 (5th Cir. 1999)(recognizing authority of district courts to raise non-jurisdictional affirmative defenses *sua sponte* in habeas cases - including abuse of the writ)(citing *Rodriguez,* and *McQueen V. Whitley,* 989 F.2d 184, 185 (5th Cir. 1993)(abuse of the writ).

under 28 U.S.C. § 2241 is DISMISSED as an abuse of the writ of habeas corpus. Robert Rich, BOP No. 19351-077, is warned that any future filings submitted under 28 U.S.C. § 2241 challenging the conviction he received in the United States District Court for the Eastern District of Louisiana in case number 2:89-CR-087-CJB-1 under *Richardson v. United States,* 526 U.S. 813, 824 (1999), may result in the imposition of sanctions, including monetary sanctions or a bar to filing any civil actions in federal court without first obtaining prior authorization from a district judge or magistrate judge.

    SIGNED November 15, 2011.

                                              TERRY R. MEANS
                                              UNITED STATES DISTRICT JUDGE